**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

WILLIAM PITTMAN,

    Plaintiff,

v.

METUCHEN POLICE DEPARTMENT,
BOROUGH OF METUCHEN,
SERGEANT ROBIN RENTENBERG,
VINCENT RUSSO, DAVID
IRIZARRY, SERGEANT STEVEN
WILCZNSKY, ARTHUR FLAHERTY,
STEVEN MENAFRO, SERGEANT
WILLIAM McDUFFY, MIDDLESEX
COUNTY PROSECUTOR'S OFFICE,
PROSECUTOR BRUCE KAPLAN,
ASSISTANT PROSECUTOR SEANNA
PAPPAS, ASSISTANT PROSECUTOR
JULIE DAVIDSON, ANTHONY CARRO,
ASSISTANT PROSECUTOR CARLOS
JIMENEZ, ASSISTANT PROSECUTOR
HAROLD FULLILOVE,

    Defendants.

Civil Action No. 08-2373 (JAG)

**OPINION**

---

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before this Court on the motion of Defendant Middlesex County Prosecutor's Office ("MCPO", or "Defendant"), to dismiss the Complaint of *pro se* Plaintiff William Pittman ("Plaintiff"), for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1). For the reasons set forth below, Defendant's motion is granted.

## I.  FACTUAL BACKGROUND

The instant action stems from the May 1, 2003 and May 7, 2003 arrests of Plaintiff for "peeping tom" charges, and the subsequent prosecution by Defendant Middlesex County Prosecutor's Office.

On May 13, 2008, Plaintiff filed the instant action in this Court.  (See Docket Entry No. 1.)  In his *pro se* Complaint, Plaintiff appears to allege claims under 42 U.S.C. §§ 1983 and 1988, as well as violations of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States.  Plaintiff also appears to allege state law claims for violations of the New Jersey Civil Rights Act, N.J. STAT. ANN. §10:6-2.

On January 16, 2009, the MCPO moved to dismiss Plaintiff's Complaint.  (Docket Entry No. 43.)  The MCPO contends that, as an arm of the state, it is immune from the instant action, by virtue of the Eleventh Amendment.  This Court agrees.

## II.  STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time.  See 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[1] (3d ed. 2007).  Rule 12(b)(1) challenges are either facial or factual attacks.  See id. at § 12.30[4].  "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id.  However, "when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Id.; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (stating

that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.")

Inherent in the instant motion, is an argument based on New Jersey's sovereign immunity, codified in the Eleventh Amendment.  The instant motion is a facial attack to this Court's jurisdiction.  This Court shall consider the allegations of the Complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff.  Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

### III. DISCUSSION

The Eleventh Amendment to the Constitution of the United States explicitly references the states' immunity from suits: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. AMEND. XI.  This so-called "Eleventh Amendment immunity" prohibits citizens from bringing suits against any of the states in federal court.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Kelley v. Edison Twp., No. 03-4817, 2006 WL 1084217, at *6 (D.N.J. Apr. 25, 2006) (citing Bennett v. City of Atl. City, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)) (stating that "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, the state is the real, substantial party in interest.").

A suit is barred by Eleventh Amendment immunity "even though the state is not named a party to the action, as long as the state is the real party in interest."  Carter v. City of

Philadelphia, 181 F.3d 339, 347 (3d Cir. 1999) (quotations and emphasis omitted); see also Chisolm v. McManimon, 275 F.3d 315, 322-23 (3d Cir. 2001) ("Eleventh Amendment immunity may be available to a state party-in-interest notwithstanding a claimant's failure to formally name the state as a defendant.").  In determining whether a state is a "party-in-interest," courts must consider whether "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act."  Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989) (citing Pennhurst State Sch. Hosp., v. Halderman, 465 U.S. 89, 101 n.11 (1984) (quotations omitted)).  The state is the real party-in-interest to a lawsuit if the named defendant is in fact an "arm of the state."  See Chisolm, 275 F.3d at 323; Carter, 181 F.3d at 347.  Thus, an entity that functions as an "arm of the state" enjoys Eleventh Amendment immunity.  Chisolm, 275 F.3d at 322-23.

In this Circuit, courts examine three factors (the "Fitchik factors") when considering whether a named defendant is an "arm of the state": "(1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy."[1]  Chisolm, 275 F.3d at 323; see also Fitchik, 873 F.2d at 659.

Applying the Fitchik factors to the instant action, this Court finds that the MCPO is an arm of the state, and thus, that New Jersey is the real party-in-interest to the litigation.  As such,

---

[1] "[T]he three Fitchik factors are not weighed evenly and that the "most important" question in determining Eleventh Amendment immunity is "whether any judgment would be paid from the state treasury."  Carter v. Philadelphia, 181 F.3d 339, 348 (3d Cir. 1999) (citing Bolden v. Southeastern Penn. Transp. Auth., 953 F.2d 807, 816 (3d Cir. 1991); Fitchik, 873 F.2d at 659).

the MCPO is entitled to Eleventh Amendment immunity.

First and most importantly, the payment of any judgment arising out of this suit would come from the state treasury. See generally, Wright v. State, 788 A.2d 443, 464 (N.J. 2001) ("[T]he State should be obligated to pay the county prosecutors and their subordinates' defense costs and to indemnify them if their alleged misconduct involved the State function of investigation and enforcement of the criminal laws.") (citation omitted).[2]

Second, it is clear that under New Jersey law, the MCPO is a state entity when performing its prosecutorial functions. In Wright, the New Jersey Supreme Court stated:

> [W]hen prosecutors perform their law enforcement function, they are discharging a State responsibility that the Legislature has delegated to the prosecutors . . . subject to the Attorney General's right to supersede. The legislative delegation, in combination with the Attorney's General supervisory authority and power to supersede, demonstrates that at its essence the county prosecutors' law enforcement function is clearly a State function.

778 A.2d at 462.

Finally, this Court finds that the MCPO, when acting in its prosecutorial capacity, is not an autonomous entity. Under New Jersey law, the Attorney General maintains a supervisory role over the MCPO, in its exercise of law enforcement policy. See Wright, 788 A.2d at 462. The Attorney General also is authorized to intervene and take over any investigation or prosecution initiated by county prosecutors. N.J. STAT ANN. § 52:17-106B.

Upon application of the Fitchik factors, this Court finds that the MCPO is an arm of the state, generally entitled to the same Eleventh Amendment immunity enjoyed by New Jersey.

There are, however, three narrow exceptions that limit a state's Eleventh Amendment

---

[2]Nothing in Plaintiff's Complaint references any function of the MCPO besides its investigative and enforcement functions.

immunity. None, however, apply to Plaintiff's claims asserted here against the MCPO. First, Congress may abrogate a state's immunity for rights protected under the Fourteenth Amendment. See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999). Such abrogation must be "an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States." Pennhurst, 465 U.S. at 99 (internal quotation omitted). The Supreme Court has specifically held that Congress has not abrogated immunity for actions brought pursuant to 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 340 (1979)(internal citation omitted). Thus, in this action, Congress has not abrogated New Jersey's Eleventh Amendment immunity.

A second exception to state sovereign immunity is state consent to suit. See Blatchford v. Native Vill. Of Noatak & Circle Vill., 501 U.S. 775, 779 (1991). A state must, however, clearly and unequivocally declare an intention to submit to federal jurisdiction. See Florida Prepaid, 527 U.S. at 675-76 (quoting Great N. Life Ins., v. Read, 322 U.S. 47, 54 (1944)). In this case, the relevant state, New Jersey, has never explicitly announced its consent to suit.

A third and final exception allows suits against state officials in their official capacities where a plaintiff seeks prospective, injunctive relief for ongoing violations of federal law. See Ex Parte Young, 209 U.S. 123, 159-60 (1908). This exception is similarly unavailable, as Plaintiff does not seek injunctive relief from the MCPO or New Jersey, but rather seeks money damages for alleged past wrongs.

In the instant action, the MCPO, as an arm of the State of New Jersey, enjoys Eleventh Amendment immunity from suit in this Court. No exception that would impede or destroy that immunity is present here. Thus, the Complaint must be dismissed, as against the MCPO.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), is granted.


Date: September 29, 2009

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.